UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF MILLBROOK, ALABAMA )<br>)<br>Defendant. )<br>) | Civil Action No. 2:13-cv-219-MEF |

## CONSENT DECREE

This action was brought by the United States against the City of Millbrook, Alabama ("Millbrook" or the "City") to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as amended ("Title VII"), following receipt by the United States from the Equal Employment Opportunity Commission ("EEOC") of a charge of discrimination filed by Kristen Spraggins ("Spraggins") (EEOC Charge No. 420-2009-02864). This Court has jurisdiction of the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1345.

In its Complaint, the United States alleges that the City discriminated against Spraggins in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e- 2(a) ("Title VII") on the basis of her sex and retaliation. Specifically, the Complaint alleges that the City subjected Spraggins to a sexually and retaliatory hostile work environment, subjected her to different terms and conditions of employment based on her sex, and retaliated against her by terminating her employment.

The City denies that it discriminated against Spraggins in violation of Title VII. Nevertheless, the United States and the City of Millbrook, desiring that this action be settled by

1

an appropriate Consent Decree ("Decree"), and without the burden and risks of protracted litigation, agree to the jurisdiction of this Court over the parties and the subject matter of this action. The parties also hereby waive, for purposes of entry of this Decree only, hearings and findings of fact and conclusions of law on all issues, and further agree to the entry of this Decree as final and binding between them with regard to the issues raised in the United States' Complaint in this case.

This Decree, being entered into with the consent of the United States and the City, shall in no way constitute an adjudication or finding on the merits of the case, nor be construed as an admission by the City or a finding of any wrongdoing or violation of any applicable federal law or regulation.

In resolution of this action, the parties hereby AGREE and the Court expressly APPROVES, ENTERS and ORDERS the following:

I. **DEFINITIONS AND PARTIES**

1. The parties to this Decree are the United States of America and the City of Millbrook, Alabama.

2. The terms "supervisor" and "administrator" include all employees of the City of Millbrook who manage, supervise, or have authority to affect the hiring, firing, discipline, assignments, or pay rates of employees of Millbrook, and all persons who establish policies or procedures for Millbrook.

3. "Day" or "days" refers to calendar and not business days unless otherwise noted.

4. "Date of entry of this Decree" refers to the date that the Court orders entry of the Decree.

## II. PURPOSES OF THIS DECREE

5. The purposes of this Decree are to ensure that:

(a) the City does not subject any employee to discrimination on the basis of sex or to retaliation in violation of Title VII;

(b) the City maintains clear, meaningful and well-publicized policies and procedures prohibiting sexual harassment, discrimination based on sex and retaliation for complaints of sexual harassment or discrimination based on sex in all of its facilities;

(c) the City provides adequate training to Millbrook employees, supervisors, administrators and officials concerning Title VII's prohibitions against sex discrimination and retaliation, and the City's policies and procedures prohibiting sex discrimination and retaliation in the workplace; and

(d) the City offers Spraggins appropriate remedial relief.

## III. GENERAL INJUNCTIVE RELIEF

6. The City, its employees, supervisors, administrators, agents and all individuals in active concert or participation with it, are enjoined from:

(a) subjecting any employee of Millbrook to sexual harassment or discrimination based on sex;

(b) creating, facilitating, or tolerating sexual harassment or a hostile work environment based on sex with regard to any employee of Millbrook; and

(c) retaliating against any employee for opposing sexual harassment or discrimination, making a complaint of sexual harassment or discrimination, or

3

assisting or participating in the investigation of a complaint of sexual harassment or discrimination.

### IV.  AMENDMENT AND DISSEMINATION OF POLICIES & PROCEDURES

7.  Within thirty (30) days from the date of entry of this Decree, the City shall review and, to the extent necessary, propose revisions to its written policies and procedures that prohibit discrimination on the basis of sex, sexual harassment and retaliation, and produce its proposed revised policies and procedures to the United States. The City's proposed revisions to its sex discrimination, sexual harassment and retaliation policies and procedures shall include, at a minimum, the following:

(a)  a description of the manner in which an employee of the City may make a complaint of sexual harassment or discrimination, or retaliation, including the names and contact information for the EEO Officers, as provided for in Paragraph 15, infra;

(b)  a clear statement that a complaint of sexual harassment or discrimination, or retaliation, may be written or oral;

(c)  the identification, by job title and telephone contact information, of all individuals who are authorized to accept complaints of sexual harassment or discrimination, or retaliation, against the City;

(d)  a statement that all complaints of sexual harassment or discrimination, or retaliation, will be promptly forwarded to the EEO Officer(s) designated pursuant to Paragraph 15, infra, for review and investigation;

(e)  a statement that the City will inform the complaining party of the results of an investigation into a complaint of sexual harassment or discrimination, or

4

retaliation, in writing as soon as possible, and in no event later than 14 days after receipt of a complaint, unless a written explanation is submitted to the complainant and the United States as to the reason(s) a response to the complaint cannot be completed within the 14 day time frame;

(f) a statement of the City's posting and distribution of its revised policies and procedures pursuant to Paragraph 10, infra.; and

(g) a statement that the City will provide periodic training regarding its revised sex discrimination, harassment and retaliation policies and procedures as a component of its general employment and personnel training provided to City employees.

Within twenty-one (21) days of its receipt of the City's proposed revised policies and procedures, the United States shall either notify the City in writing of its approval of the proposed revised policies and procedures or shall recommend changes. If the parties do not agree regarding implementation of the United States' recommendations, they will confer promptly and in good faith to attempt to resolve any disagreements. If the parties cannot resolve any such disagreements, either party may submit the dispute for resolution by the Court in accordance with Paragraph 27, infra.

8. Within fifteen (15) days of receipt of approval from the United States, or from the Court if applicable, the City shall take all actions necessary to adopt its revised sex discrimination and retaliation policies and procedures, and shall issue a copy of the revised policies and procedures to each employee of the City.

9. Within twenty-five (25) days of receipt of approval from the United States, or from the Court if applicable, the City, through a designated supervisory employee, shall ensure that each current employee of the City has signed an acknowledgment that he/she has reviewed a

copy of the revised sex discrimination and retaliation policies and understands them. The City shall ensure that all future employees sign such an acknowledgment within fifteen (15) days of hire.

10. The City shall post its revised sex discrimination and retaliation policies in prominent, conspicuous, centrally-located places commonly used for posting notices (e.g., bulletin boards) in all Millbrook buildings and administrative offices. The City shall designate one supervisory employee at each facility of the City who is responsible for taking reasonable action to ensure that these documents remain posted, that they are not defaced or altered in any fashion, and if they are defaced or altered in any fashion, that they are immediately replaced.

V. TRAINING

11. Within one hundred fifty (150) days from the date of entry of this Decree, the City shall provide live mandatory training regarding Title VII's prohibitions against discrimination based on sex and retaliation to all employees, supervisors and appointed and elected officials. Such training shall specifically include discussion of the written policies and procedures maintained by the City pursuant to Paragraphs 7, supra, and 15, infra.

12. No later than sixty (60) calendar days prior to the commencement of such training, the City shall select, with the concurrence of the United States, a qualified individual or group of individuals to conduct the training required by Paragraph 11, supra. If the City and the United States cannot reach agreement on the suitability of the individual or group of individuals selected by the City to conduct the training, either party may move the Court for a resolution of the issue as provided for under Paragraph 27, infra.

13. Within thirty (30) calendar days following the completion of the training required

by Paragraph 11, supra, the City shall make available to the United States copies of all training materials used, as well as written attendance records reflecting that the training has been completed and that all employees, supervisors and appointed and elected officials required to attend such training in accordance with Paragraph 11 in fact did so.

## VI.  EVALUATION OF EMPLOYEES

14. Within sixty (60) days after the date of entry of this Decree, the City shall adopt, as a criterion for evaluating the performance of all employees who have supervisory or managerial authority over other employees of Millbrook, a factor that takes into account those employees' awareness of and compliance with the City's sex discrimination and retaliation policies.

## VII.  PROCEDURES FOR ACCEPTANCE AND INVESTIGATION OF COMPLAINTS OF SEXUAL HARASSMENT

15. Within thirty (30) days after the date of entry of this Decree, the City shall designate a City Equal Employment Opportunity Officer ("EEO Officer") and an alternative City employee ("Alternative EEO Officer") (collectively, the "EEO Officers") who are authorized to receive and investigate complaints of sexual harassment or discrimination, or retaliation, by employees, both directly from the employees themselves and via the employees' supervisors or other officials, as provided by the City's sex discrimination and retaliation policies. The designated EEO Officers shall maintain neutral roles and must remain free of conflicts of interest. Within fourteen (14) days of receipt of an initial complaint, the EEO Officer(s) shall investigate the complaint and notify the complainant of the results of the investigation. The EEO Officers shall keep written records of all such complaints, including records of their investigations, and their responses thereto. To the extent the Parties disagree as

7

to whether good cause exists for any delay beyond the fourteen-day period for investigation and resolution of a sexual harassment complaint, as specified in Paragraph 7(e), supra, either party may submit the issue to the Court for resolution as outlined in Paragraph 27, infra.

16. Within seven (7) days of its designation of the City EEO Officer and Alternative EEO Officer, the City shall inform all employees of the City in writing of the name and contact information of the designated EEO Officers.

17. At least one of the EEO Officers shall be present at each training session required pursuant to Paragraph 11, supra. The names and phone numbers of both EEO Officers shall be distributed in writing to employees of Millbrook during each of those training sessions.

### VIII.  INDIVIDUAL RELIEF FOR KRISTEN SPRAGGINS

18. Without admitting the allegations of the United States as set forth in its complaint, the City shall offer Spraggins a monetary award in settlement of a separate lawsuit filed by Spraggins against the City pursuant to 42 U.S.C. §1983 ("Section 1983"). *See Spraggins v. City of Millbrook, et al.*, No. 2:11-cv-745-MEF (M.D. Ala. filed September 9, 2011). Because the monetary relief available to Spraggins pursuant to Section 1983 is either coextensive or broader than the monetary relief available to her under Title VII, the United States does not seek additional monetary relief on behalf of Spraggins. However, the City's compliance with the payment terms of the agreement it executed with Spraggins on April 3, 2013, serves as consideration for this Decree, and its non-compliance will constitute a breach.

19. The City shall expunge from Spraggins' personnel files and any other Millbrook files all documents related to Spraggins' termination "for cause" including, but not limited to, all documentation related to disciplinary charges, counseling, citizen complaints or other negative references regarding Spraggins dated on or after April 1, 2009. In the event a reference is

requested by a prospective future employer of Spraggins, Millbrook will confirm the length of Spraggins' employment and the position she held during her employment, but will disclose no other information concerning Spraggins' employment.

20. No later than ten (10) days from the date of entry of this Decree, the City shall notify Spraggins of the terms of this Decree by mailing her, by certified mail, return receipt requested, a notice letter in the form set forth in Attachment A hereto, a copy of this Decree, and a copy of a release in the form set forth in Attachment B hereto.

21. The City shall send a copy of the notice letter referred to in Paragraph 20, supra, to the United States at the same time it sends the notice letter to Spraggins.

22. To receive the relief provided to her under this Decree, Spraggins must execute the release form provided with the notice letter and return it to the City within thirty (30) days from the date she receives the notice letter referred to in Paragraph 20, supra, unless she can show good cause, to be determined by the United States, within a reasonable time of her failure to do so.

23. The City shall provide the United States with a copy of Spraggins' executed release form within ten (10) calendar days from the date of its receipt. Within thirty (30) calendar days from the date of its receipt of Spraggins' executed release form, the City shall mail to Spraggins a check made payable to Kristen Spraggins for the amount of the monetary award referenced in Paragraph 18, supra, and send a copy of the check to the United States. The City shall provide Spraggins with appropriate IRS forms with respect to her monetary award at or before the time such IRS forms are required by law to be provided.

### IX. COMPLIANCE MONITORING

24.     For a period of twenty-four (24) months after the date of entry of this Decree, the City shall send quarterly reports to the United States identifying any complaint of sexual harassment or discrimination, or retaliation, made by an employee of Millbrook to a designated EEO Officer. The first report is due ninety (90) days after the date of entry of this Decree, with a report due every ninety (90) days thereafter until the dissolution of this Decree. In the report, the City shall identify the date of receipt and nature of the complaint, the findings and outcome of the investigation, and any actions taken as a result of such findings. The City shall append to its report copies of all identified complaints that were submitted in writing. Upon request of the United States pursuant to Paragraph 26, infra, the City shall produce documents relating to any complaint identified in the quarterly report.

25.     The City shall retain the following records during the term of this Consent Decree or for the period of time required by applicable City or state records retention requirements, whichever is longer:

    (a)     the provisions and effective date of the policies and procedures implemented pursuant to Paragraph 7, supra, and distributed to its employees;

    (b)     employees' acknowledgments of their receipt of the policies and procedures as required by Paragraph 9, supra;

    (c)     all posted notices and posters displayed in its facilities and intended to convey information regarding the prohibition of discrimination on the basis of sex or retaliation, as set forth in Paragraph 10, supra; and

    (d)     all documents that come into its possession relating to any written or verbal complaints of sexual harassment or discrimination, or retaliation, made by any

10

employee, including documents relating to the City's investigation and resolution of any such complaints.

26. The United States may review compliance with this Decree at any time and shall have the right to inspect and copy any documents that are relevant and necessary to monitor the City's compliance with this Decree, upon thirty (30) days written notice to the City, without further order from this Court.

## X. DISPUTE RESOLUTION

27. The parties shall attempt to resolve informally any dispute that may arise under this Decree. If the parties are unable to resolve the dispute expeditiously, either party may move the Court for a resolution of the issue upon seven (7) days of written notice to the other party.

## XI. MODIFICATION OF THE DECREE

28. This Decree constitutes the entire agreement and commitments of the parties. The parties may jointly agree to modifications of this Decree with the approval of the Court.

## XII. JURISDICTION OF THE COURT

29. The Court shall maintain jurisdiction over this case throughout the duration of this Decree for the purpose of enforcing the terms of the Decree as well as resolving any disputes between the parties with respect to the terms or implementation of the Decree.

## XIII. TERMINATION DATE

30. This Decree will expire without further order of the Court twenty-four (24) months after the effective date of the Decree.

## XIV. GENERAL PROVISIONS

31. If any provision of this Decree is found to be unlawful, only the specific provision in question shall be affected and the other provisions shall remain in full force and effect.

11

32.     Each party shall bear its own costs, expenses, and attorney's fees in this action, including the costs of compliance or monitoring, except that the parties shall retain the right to seek costs for any matter which, in the future, may arise from this Decree and require resolution by this Court.

33.     All documents required to be delivered under this Decree to the United States shall be sent via overnight delivery to the following address:

    Chief, Employment Litigation Section
    United States Department of Justice
    Civil Rights Division, PHB Room 4040
    950 Pennsylvania Avenue, N.W.
    Washington, D.C.  20530

*[signature]*

United States District Judge

**IT IS SO ORDERED**

Dated: **31 MAY 2013**

For the United States:

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

By: *[signature]*
DELORA KENNEBREW (GA Bar No. 414320)
Chief
MEREDITH BURRELL (MD Bar, no number)
Deputy Chief
ROBERT L. GALBREATH
(DC Bar No. 460389)
Senior Trial Attorney
United States Department of Justice
Civil Rights Division
Employment Litigation Section
601 D Street, N.W., Room 4040
Washington, D.C. 20004
(202) 514-3831
(202) 514-1005 (fax)

Dated: **4-4-2013**

For the City of Millbrook, Alabama:

*[signature]*
Al Kelley, Mayor

Dated: **3-29-13**

GEORGE L. BECK, JR.
United States Attorney
Middle District of Alabama


By: _____
JAMES J. DUBOIS  (GA Bar No. 231445)
Acting Civil Chief
Assistant United States Attorney
P.O. Box 197
Montgomery, AL  36101-0197
(334) 223-7280
(334) 223-7418 (Fax)
**James.DuBois2@usdoj.gov**

## ATTACHMENT A

**Via Certified Mail**
**Return Receipt Requested**

Kristen Spraggins
[address]

       Re:    <u>United States v. City of Millbrook, Alabama</u>
                Civil Action No. _____

Dear Ms. Spraggins:

      A Consent Decree has been entered settling a Complaint of employment discrimination filed by the United States against the City of Millbrook, Alabama.

      Under the terms of the Consent Decree entered into in the case of <u>United States v. City of Millbrook, Alabama</u>, Civil Action No. _____ (M.D. Al.), a copy of which is enclosed, and the terms of the agreement entered into between the City of Millbrook and you dated April 3, 2013, you are being offered a monetary award

      The monetary award is offered to you on the condition that you release the City of Millbrook, its current, former and future officials, employees and agents from all employment discrimination claims you may have against them arising out of this case and EEOC Charge No. 420-2009-02864.

      In order to receive the relief that is offered to you pursuant to the Consent Decree, you must complete and return the enclosed Release. The Release must be signed before a Notary Public and returned to the undersigned. If you do not return the Release within thirty (30) days from your receipt of this letter, you will forfeit your rights to any relief under this Decree, unless you are able to show good cause for your failure to do so.

      Payment to you of the monetary award will be made thirty (30) days after receipt by the undersigned of your signed Release.

      If you have any questions concerning this settlement, you may contact Robert L. Galbreath, attorney for the United States Department of Justice, at (202) 353-9731.

                                         Very truly yours,

## ATTACHMENT B

### RELEASE OF ALL CLAIMS

For and in consideration of the acceptance of the relief being offered to me by the City of Millbrook, Alabama (the "City"), pursuant to the provisions of the Consent Decree that has been entered by the Honorable _____, United States District Judge, in United States v. City of Millbrook, Alabama, Civil Action No. _____ (M.D. Al.), including a confidential monetary award memorialized in a private agreement between the City and me dated March ____, 2013, I, Kristen Spraggins, forever release and discharge the City and all current, former and future agents, employees, officials, designees, predecessors, and successors in interest of the City from all legal and equitable claims, arising out of the Complaint filed in the above-captioned civil action and EEOC Charge Number 420-2009-02864, that have accrued prior to the date of this release. I further agree that I will not institute another civil action alleging employment discrimination on the basis of EEOC Charge Number 420-2009-02864, or any other EEOC charges filed against the City before the date of this release.

I understand that the relief to be given to me, including the payment to me of any monetary amount, does not constitute an admission by the City of the validity of any claim raised by me or on my behalf.

This release constitutes the entire agreement between the City and me without exception or exclusion.

I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF, AND I EXECUTE THIS RELEASE OF MY OWN FREE ACT AND DEED.

Signed this _____ day of _____, 2013.

_____
Kristen Spraggins

STATE OF ALABAMA    )
                    )
_____ COUNTY   )

     I, the undersigned, a Notary Public in and for said County in said State, hereby certify that **Kristen Spraggins**, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, she executed the same voluntarily on the day the same bears date.

      Given under my hand this _____ day of _____, 2013.

                                              _____
                                              Notary Public
                                              My commission expires: _____